UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANE S. SIMPKINS,

    Plaintiff,

v.                                  Case No: 2:13-cv-586-FtM-29CM

SCOTT HALL, Captain and
JEREMY HARDIN, Officer,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #31), filed April 4, 2014. Plaintiff did not file a response opposing the motion and the time to do so has expired. This matter is ripe for review.

### I. Background and Facts

Plaintiff Shane Simpkins initiated this action proceeding pro se by filing an Amended Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 concerning events that occurred during his pre-trial detention at the Lee County Jail. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. See Doc. #9.

The Amended Complaint identifies two defendants: Captain Scott Hall and correctional officer Jeremy Hardin. Id. at 1. According to the Amended Complaint, Plaintiff entered the custody of the Lee County Sheriff in April of 2011. Amended Complaint at

5. In May of 2011, Plaintiff states he received his first false disciplinary report for destruction of property. In June of 2011, Plaintiff states he received nine false disciplinary reports. Starting that month and lasting through the end of December 2011, Plaintiff alleges correctional officer Hardin began targeting him, harassing him, and conducting routine cell searches of his cell. During these cell searches, Plaintiff alleges that Hardin would pull Plaintiff's boxers up in order to expose his genitalia.

In August of 2011, defendant Hardin forcefully made Plaintiff remove a tongue ring that he was going to later have medically removed. Id. at 9-10. During that incident, Plaintiff alleges Hardin "slammed" him up against a wall and gave him a black eye. Id. at 9.

In September of 2011, Plaintiff alleges he was moved from his cell to "disciplinary confinement" where he remained until December of 2011 pursuant to Captain Halls' directive. Id. at 11. Plaintiff claims that Hardin told him he was placed in disciplinary confinement so that Hardin could "baby sit" him. Id. While in disciplinary confinement, Plaintiff alleges *inter alia* that he was held in complete isolation, given no personal property (sometimes he was allowed a toothbrush and occasionally a bible), not allowed visits with his criminal defense attorney, allowed no recreation time, not allowed a cup to drink from, and was provided only 1 pair of boxers, 1 jumpsuit, 1 mat (which Hardin later took away),

1 blanket, and 1 pair of slides. Id. at 11-13. Plaintiff alleges that his food was served to him on a three-slot Styrofoam tray, instead of the usual five-slot tray. Sometimes a slot was missing food, so Plaintiff went hungry. Id. at 13. Plaintiff alleges Hardin searched his cell daily during this time and harassed him physically, mentally, and sexually. Id. at 11. Plaintiff explains that the false disciplinary reports stopped during this time because it did not matter anyway. Id. at 12. Toward the end of December 2011, a major visited Plaintiff's cell, and shortly thereafter Plaintiff was moved from disciplinary confinement. Id. at 14. Plaintiff claims that the visits from Hardin stopped until April of 2012. Id. at 14. In April of 2012, Hardin conducted another cell search and told Plaintiff that he was "not untouchable." Id. Plaintiff then heard rumors from other inmates that Hardin made promises of additional food to any inmate who attacked Plaintiff. Id. at 14-15.

During this time, Plaintiff claims that he attempted to file inmate grievances to no avail. Id. at 10. Plaintiff alleges that he was told not to grieve and told that "the more you complain, the more we [][1] with you." Id. Plaintiff summarizes that "there is no way to explain what happened to me over those months except 'torture.'" Id. at 15. As relief, Plaintiff seeks

---

[1]Expletive language not contained herein.

"declaratory judgment," "compensatory damages," "punitive damages," and "monetary compensation." Id. at 6-7.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See generally Motion. Defendants argue that the Court must dismiss the Amended Complaint because Plaintiff's claims for damages are barred by 42 U.S.C. § 1997e(e). Motion at 2, 7. Defendants assert that the Amended Complaint does not contain any allegations concerning physical injury; so Plaintiff is precluded from seeking compensatory or punitive damages absent allegations of physical injury. Id. at 2. Defendants recognize, however, that Plaintiff may maintain a claim for nominal damages or injunctive relief, even in the absence of physical injury. Id. at 8 (citing Al-Amin v. Smith, 637 F.3d 1192, 1196 (11th Cir. 2011)). Additionally, Defendants argue that the Amended Complaint fails to state a First Amendment access to court claim because Plaintiff cannot show that he was impeded from litigating a qualifying case. Id. at 12-13.

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the

light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677. "Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 545 (abrogating in part Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III. Analysis

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Accepting the facts as true as required to do at this stage of the proceedings, liberally construed the Amended Complaint plausibly sets forth the following claims: a Fourteenth[2] Amendment claim stemming from the conditions of Plaintiff's confinement before and during his disciplinary confinement at the Lee County Jail; a Fourteenth Amendment claim stemming from Hardin's alleged excessive use of force; and, a First Amendment claim stemming from alleged retaliation for filing inmate grievances.

The Court finds Defendants' motion is due to be granted as to the First Amendment interference with access to Court claim. Otherwise, the motion is denied. Interference with an inmate's access to the court constitutes a First Amendment[3] violation, which is actionable under 42 U.S.C. § 1983. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v.

---

[2]At the time Plaintiff filed his Amended Complaint, Plaintiff was a pre-trial detainee. Thus, Plaintiff's rights arise from the Fourteenth Amendment, but the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook *ex. rel* Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 1985); see also Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985) (noting that "In regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

[3]The protections of the First Amendment apply to the states through the Fourteenth Amendment. See, e.g., New York Times v. Sullivan, 376 U.S. 254, 276-78 (1964) (applying the First Amendment to the states).

Baird, 926 F.2d 1057 (11th Cir. 1991). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds, 430 U.S. at 825.

The Supreme Court made clear that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation. Lewis, 518 U.S. at 349-351. "The injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. For example, a plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that plaintiff was unable to pursue had arguable merit. Lewis, 581 U.S. at 353; Wilson, 163 F.3d 1291. The Amended Complaint is devoid of any allegations describing how the destruction of Plaintiff's legal materials and refusal of allowing his defense attorney visit him caused him any prejudice in a criminal appeal, post-conviction matter, or in a civil rights case. Accordingly, Defendants' motion is granted with respect to the First Amendment interference with access to Court claim.

The Court, however, denies Defendants' motion to dismiss Plaintiff's request for damages under § 1997e(e), at this stage of the proceedings. Title 42 U.S.C. § 1997e(e) provides "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for **mental or emotional injury** suffered while in custody without a prior showing of physical injury." Id. (emphasis added). The Amended Complaint does not ask for monetary damages for emotional injuries. See Amended Complaint at 6-7. Further, the Amended Complaint alleges that Hardin searched Plaintiff's cell daily and "harassed him physically, mentally, and sexually." The Amended Complaint alleges that Hardin "slammed" Plaintiff against the wall and that Plaintiff received a black eye during the alleged excessive use of force. Additionally, the Amended Complaint alleges that when Hardin would search Plaintiff's cell, he would intentionally pull-up Plaintiff's undergarments to expose his genitalia. See e.g. 18 U.S.C. § 2246(3) (defining sexual contact as the "intentional touching, either directly or through the clothing, of the genitalia . . . of any person with an intent to abuse, humiliate, harass, degrade . . ."). Thus, at this stage of the proceedings, the Court cannot say that the Amended Complaint alleges no physical injury and declines to dismiss Plaintiff's claim for monetary damages under § 1997e(e).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendants' Motion to Dismiss (Doc. #31) is **GRANTED** as set forth herein and otherwise **DENIED**.

2.   Defendants must file an Answer and Affirmative Defenses within **twenty-one (21) days** from the date on this Opinion and Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this   24th   day of November, 2014.

```
              _____
              JOHN E. STEELE
              UNITED STATES DISTRICT JUDGE
```

SA: alr
Copies: All Parties of Record